STATE OF WEST VIRGINIA

FILED

March 27, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**RYAN PRICE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0615** (BOR Appeal No. 2048994)
               (Claim No. 2014003894)

**SAUNDERS STAFFING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ryan Price, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Saunders Staffing, Inc., by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 28, 2014, in which the Board affirmed a November 19, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 9, 2013, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Price, a laborer, alleges that he was injured on August 1, 2013, while loading wet tents onto a truck. August 2, 2013, treatment notes from Beckley ARH Hospital's Emergency Room indicate that that he reported lower back pain with radiation down the right leg. He stated he was throwing wet tents at work when the pain started suddenly approximately a day prior. He was diagnosed with spinal stenosis and a herniated disc.

At the time of his alleged injury, Mr. Price was assigned to work for Granny's Alliance. His supervisor at that time, Jason Heisey, completed an accident report for the alleged injury. He

1

stated that he spoke to three witnesses, and they all reported that they did not notice anything wrong with Mr. Price on the day of the alleged injury and that he was "goofing off" later that day. Mr. Heisey stated that he worked with Mr. Price on the day of the alleged injury and did not notice anything wrong. Mr. Price worked all day and was jumping around in the truck at the end of his shift. He did not mention an injury or pain that day.

Saunders Staffing, Inc., introduced several affidavits from co-workers who were present on the day of the alleged injury. Jason Heisey asserted that on the day of the alleged injury, his team was loading small tents into a truck. The tents weighed five to ten pounds and though it was raining, they were covered by a tarp until they were loaded. His crew alternated loading and stacking and took numerous breaks. At the end of his shift, Mr. Price was laughing, jumping up and down in the truck, and attempting to block tents from entering the truck. He appeared to be in no physical distress and never informed Mr. Heisey that he was in pain. Mr. Price did not report to work the following day. Due to his absence and his behavior the previous day, Mr. Heisey contacted Saunders Staffing, Inc., and requested that his assignment end.

Heather Meadows, who worked for Saunders Staffing, Inc., when Mr. Price alleges his injury occurred, asserted in an affidavit that she was notified on August 2, 2013, by Jason Heisey that he wished to have Mr. Price's contract ended. Mr. Heisey stated that Mr. Price was engaging in more horseplay than work and had not reported to work that day. Ms. Meadows called Mr. Price that same day to inform him that his assignment was terminated and Saunders Staffing Inc., had no other positions for him. After he was informed that he was no longer needed, Mr. Price stated that he injured his back the previous day.

Thomas Atwood, George Burgess, and Donnie Broyles, all stated in affidavits that they worked with Mr. Price on the day of the alleged accident. They all asserted that the tents they were loading weighted between five and ten pounds. None of them saw Mr. Price sustain an injury. They all stated that at the end of the shift, Mr. Price was laughing, jumping around, and roughhousing with several other employees with no sign of injury. They all affirmed that Mr. Price did not inform anyone on the shift that he was injured.

Mr. Price testified in a hearing before the Office of Judges on October 29, 2013. He asserted that he was lifting and stacking wet tents that weighed thirty to forty pounds on the day that he was injured. He stated that his back started to hurt while he was loading tents and continued to worsen the longer he worked. That same day, he asserted that he told his supervisor, Jason Heisey, that his back hurt. He woke up the next morning with extreme back pain and called in to inform his supervisor that he would not be at work that day. He denied laughing, joking, and engaging in horseplay at the end of his shift. He asserted that he attempted to contact Ms. Meadows on August 2, 2013, and left a message for her. He was on his way to the hospital when she called him to inform him that he was no longer needed.

The claims administrator rejected the claim on August 9, 2013. The Office of Judges affirmed the decision in its November 19, 2013, Order. It found that while Mr. Price's testimony was credible, there was a complete lack of corroboration given that he worked in a group of ten people. Not only did he fail to produce a corroborating witness, Saunders Staffing, Inc.,

introduced affidavits that directly refuted his allegation of a work-related injury. Also, he failed to report the incident in writing to his employer. The Office of Judges stated that West Virginia Code § 23-4-1g (2003), provides that failure to immediately give notice to the employer that an injury has occurred weighs against a finding of compensability. The Office of Judges determined that Saunders Staffing, Inc., denied receiving notice of an injury until after Mr. Price's work assignment was terminated. It was found that given the circumstances surrounding the alleged injury, corroboration of Mr. Price's testimony should have been readily available. However, the affidavits of record support Saunders Staffing Inc.'s, position, including Mr. Heisey's assertion that Mr. Price engaged in horseplay, which resulted in his termination. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 28, 2014.

On appeal, Mr. Price argues that he suffered a definite, isolated, fortuitous occurrence in the course of his employment, and the medical evidence clearly shows that he sustained a low back strain. He asserts that the Office of Judges found his testimony to be credible, and he reported the injury to Saunders Staffing, Inc., within two days. Saunders Staffing, Inc., argues that Mr. Price originally reported an isolated event and then later testified that his pain arose gradually as he worked. It argues that his version of the events on the date of injury are uncorroborated, and his complaints of injury arose after he was informed that his assignment was terminated.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidence of record indicates that Mr. Price did not sustain a work-related injury as he asserts. Multiple affidavits state that he did not appear to be injured, did not report an injury, and engaged in horseplay at the end of his shift. It is also significant that he did not report a work-related injury until after he was informed that his position had been terminated due to his behavior. West Virginia Code § 23-4-1c(a)(2)(B) (2009) provides that, for the purpose of determining compensability, the claims administrator shall consider "[w]hether the claimant received notice within sixty days of the filing that his or her employment position was to be eliminated."

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 27, 2015**

3

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum